## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DENNIS DWIGHT ANDERSON, ) | Case No. 18-11998 MER |
| ANNE-MARIE ANDERSON, ) | Chapter 13 |
| Debtors. ) | |

### LIMITED OBJECTION TO CONFIRMATION OF THE DEBTORS' CHAPTER 13 PLAN DATED MARCH 16, 2018

PARK COUNTY, COLORADO ("County"), through its undersigned counsel, respectfully submits its Limited Objection to Confirmation of the Debtors' Chapter 13 Plan dated March 16, 2018, and states as follows:

1. Dennis D. Anderson and Anne-Marie Anderson (collectively the "Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on or about March 16, 2018 ("Petition Date").

2. Adam Goodman is the standing Chapter 13 Trustee in the Debtors' case.

3. At the time the Debtors filed for relief, they were the owners of real property located in Park County, Colorado known by street and number as 176 Jackson Road, Alma, Colorado 80420 (the "Property"). *See* Docket No. 10, p. 3.

4. Prior to filing for relief, the Debtors failed to pay the annual real estate taxes on the Property. *See* C.R.S. § 39-5-101, *et seq.* As of the Petition Date, the Debtors owed $5,569.73 in delinquent and past due taxes. *Id.* Such amounts continue to accrue interest at the rate of 12% per annum. C.R.S. § 39-10-104.5. The taxes assessed are a lien upon the Property. C.R.S. § 39-5-101, *et seq.*

5. The County filed a secured proof of claim in this bankruptcy case. *See* Proof of Claim No. 3. Such Claim constitutes prima facie evidence of the debt to the County. Fed.R.Bankr.P. 3001(f).

6. The Debtors filed their Chapter 13 Plan on March 16, 2018. *See* Docket No. 15.

7. The Debtors' Plan does provide for the claim of the County. *See* Docket No. 15, p. 5. However, the Plan only provides for interest on the Claim at the rate of 4% per annum. *Id.* Such interest rate is less than required by Colorado law. C.R.S. § 39-10-104.5.

8. The County is the proper creditor to be paid under any confirmed plan. 11 U.S.C. §1322(b)(2). As a first priority perfected lien, the County's Claim must be provided in full. 11 U.S.C. §506.

9. The Debtors' Plan does not comply with the applicable provisions of the Bankruptcy Code and therefore has not been proposed in good faith. 11 U.S.C. §§1325(a)(1) & (a)(3).

10. For the foregoing reasons, the Debtors' Plan does not comply with 11 U.S.C. § 1325(a)(3). As such, the Debtors' Plan cannot be confirmed.

11. If the Debtors amend their Plan to reflect the proper interest rate, this Objection will be moot.

WHEREFORE, the County respectfully submits this Limited Objection to the Debtors' Chapter 13 Plan dated March 16, 2018, and for such other and further relief as this Court deems appropriate.

Dated: April 10, 2018.

Respectfully submitted,
BUECHLER & GARBER, LLC

*/s/ Kenneth J. Buechler*

_____
Kenneth J. Buechler, #30906
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
ken@BandGlawoffice.com

## CERTIFICATE OF SERVICE

I certify that on April 10, 2018, I served a complete copy of **LIMITED OBJECTION TO CHAPTER 13 PLAN DATED MARCH 16, 2018,** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

**Via U.S. Mail**:

Ann-Marie Anderson
Dennis Dwight Anderson
406 6th Street, Apt. E
Georgetown, CO 80444

**Via CM/ECF**:

| | |
|---|---|
| Stephen E. Berken | Adam M. Goodman |
| | Chapter 13 Trustee |
| US Trustee | |

                                                         */s/ Sharon E. Fox*
                                                         For Buechler & Garber, LLC