UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:                                              CASE NO:  18-11998MER
DENNIS DWIGHT ANDERSON              CHAPTER 13

ANNE-MARIE ANDERSON

                                          Debtors

**MOTION TO DISMISS FOR DEBTOR'S FAILURE TO PROVIDE TAX RETURN PURSUANT TO 11 U.S.C. § 521(e)(2) AND NOTICE OF PENDING DISMISSAL OF CASE**

**TO THE DEBTOR(S) AND THE ATTORNEY FOR THE DEBTOR(S):**

The Standing Chapter 13 Trustee, Adam M. Goodman, hereby certifies that the Debtors in the above-referenced case have failed to provide the Trustee with a copy of the Federal income tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed, as required by 11 U.S.C. § 521(e)(2), Fed. R. Bankr. P. 4002;

NOTICE IS HEREBY GIVEN that, pursuant to 11 U.S.C. § 521(e)(2), **the case will be dismissed without further notice or hearing**, unless the Debtors file an objection with the Court by **May 16, 2018**. The Debtors' objection must include such information as is necessary to demonstrate that the Debtors' failure to provide the tax return or transcript was due to circumstances beyond the control of the Debtors, as required by 11 U.S.C. §521(e)(2).

Dated: May 2, 2018

                                                                      Respectfully submitted,

                                                                      s/Adam M. Goodman
                                                                      Adam M. Goodman
                                                                      Standing Chapter 13 Trustee
                                                                      P.O. Box 1169
                                                                      Denver, CO 80201-1169
                                                                      (303) 830-1971
                                                                      FAX (303) 830-1973
                                                                      agoodman@ch13colorado.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 2, 2018 I served by prepaid first class mail a copy of this **MOTION TO DISMISS FOR DEBTOR'S FAILURE TO PROVIDE FEDERAL TAX RETURNS PURSUANT TO 11 U.S.C. § 521(e)(2) AND NOTICE OF PENDING DISMISSAL OF CASE** and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and L.B.R. at the following addresses:

DENNIS DWIGHT and ANNE-MARIE ANDERSON, 406 6TH STREET, APT. EGEORGETOWN, CO 80444

BERKEN CLOYES, PC, via CM/ECF

United States Trustee, 1961 Stout St., Ste. 12-200, Denver, CO  80294

                                                                                s/Adam M. Goodman
                                                                                Signed

IN RE:                                                                                          CASE NO: 18-11998MER
DENNIS DWIGHT ANDERSON                          CHAPTER 13

ANNE-MARIE ANDERSON

Debtors

## ORDER DISMISSING CHAPTER 13 CASE
## PRIOR TO CONFIRMATION OF PLAN

        THIS MATTER comes before the court on the **MOTION TO DISMISS FOR DEBTOR'S FAILURE TO PROVIDE FEDERAL TAX RETURNS PURSUANT TO 11 U.S.C. § 521(e)(2) AND NOTICE OF PENDING DISMISSAL OF CASE**, filed by the Standing Chapter 13 Trustee, Sally J. Zeman. Notice has been given to the debtor and debtor's counsel. No timely objection has been filed. The court

        **FINDS** that:

1. Cause exists for dismissal of this case pursuant to 11 U.S.C. § 1307.
2. No plan has been confirmed.
3. No request for delayed revestment of property of the estate has been made.

        **IT IS THEREFORE ORDERED** that:

1. THIS CASE IS DISMISSED. The Clerk of the court must serve this order on all creditors and parties in interest within fourteen days (14) of the date of the order.

2. In accordance with 11 U.S.C. §§ 349(b)(1) and (2), any transfer avoided under 11 U.S.C. §§ 522, 544, 545, 547, 548, 549 or 724(a), or preserved under 11 U.S.C. §§ 510(c)(2), 522(i)(2) or 551, is reinstated; any lien voided under 11 U.S.C. § 506(d) is reinstated; and any order, judgment or transfer ordered under 11 U.S.C. §§ 522(i)(1), 542, 550 or 553 is vacated.

3. All property of the estate, except payments made by the debtor to the trustee, will revest in the debtor as of the date of this order pursuant to 11 U.S.C. § 349.

4. Payments made by the debtor will be retained by the trustee pending payment of claims allowed under 11 U.S.C. § 503(b) pursuant to 11 U.S.C. § 1326(a)(2).

    a. Any request for allowance of an 11 U.S.C. § 503(b) claim must conform with 11 U.S.C. § 503 and FED. R. BANKR. P. Rules 9013, 9014 and 2002, and be filed after 14 days but within 21 days of the date of this order.

    b. Within 30 days after determination of the last request, if any, for allowance of 11 U.S.C. § 503(b) claims, the trustee must pay all fees imposed by statute and all allowed 11 U.S.C. § 503(b) claims from the debtor's payments and return any surplus to the debtor.

Dated:_____                                BY THE COURT:

                                                                                      _____
                                                                                      United States Bankruptcy Judge