IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re: ) | |
| ) | |
| DENNIS DWIGHT ANDERSON and ) | Case No. 18-11998-MER |
| ANNE-MARIE ANDERSON, ) | Chapter 13 |
| ) | |
| Debtors. ) | |

**INTERNAL REVENUE SERVICE'S OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN [Doc. 15]**

The Internal Revenue Service ("IRS"), through counsel, objects to confirmation of Debtors' Chapter 13 Plan dated March 29, 2018 (Doc. 15) as follows:

1. On March 16, 2018, Debtors filed a Voluntary Petition for relief under Chapter 13 pursuant to 11 U.S.C. § 301. Doc. 1. On March 29, 2018, Debtors filed a Chapter 13 Plan. Doc. 15.

2. On April 13, 2018, the IRS filed a Proof of Claim, Claim 7-1, which states that Debtors are indebted to the United States for pre-petition taxes, penalties and interest in the total amount of $77,902.15. This amount consists of an unsecured priority claim in the amount of $47,892.01 and an unsecured general claim in the amount of $30,010.14. The IRS's claims include income tax liabilities and related interest for the tax years 2006, 2010, 2011, 2015, and 2017. The income tax liabilities for 2017 have been estimated because Debtors have not yet filed tax returns for that year.

3. Unless an objection to the proof of claim of the IRS is filed by a party in interest, the claim is allowed under 11 U.S.C. § 502(a). To date, no objection to the IRS's proof of claim has been filed.

4. The IRS objects to the plan on multiple grounds. First, Debtors' plan does not adequately provide for the IRS's unsecured priority claim, which is $47,892.01. 11 U.S.C. § 1325(a)(6). The unsecured priority claim of the IRS must be paid in full in deferred cash payments over the course of the plan unless a different treatment is agreed to pursuant to 11 U.S.C. §§ 1322(a)(2) and 1325(a)(1). The IRS does not agree to different treatment.

5. Second, Debtors' plan should not be confirmed because Debtors have not filed federal tax returns for the 2017 tax year. 11 U.S.C. § 1325(a)(9). The tax liabilities for 2017 are currently estimates, and could increase once Debtors' tax returns are filed. Therefore, the priority claim is not properly provided for. 11 U.S.C.§ 1325(a)(6).

6. Accordingly, the IRS objects to confirmation of Debtors' Chapter 13 Plan and prays that confirmation be denied and that the Court not consider confirmation of a plan until Debtors have

properly provided for the IRS's unsecured priority claim and filed tax returns for the 2017 tax year.

                                        Respectfully submitted,

                                        ROBERT C. TROYER
                                        United States Attorney

Date: May 3, 2018                                  <u>s/J. Benedict García</u>
                                        J. BENEDICT GARCÍA
                                        Assistant U.S. Attorney
                                        United States Attorney's Office
                                        District of Colorado
                                        1801 California Street, Ste. 1600
                                        Denver, Colorado 80202
                                        Telephone: 303-454-0100
                                        Email: j.b.garcia@usdoj.gov


## CERTIFICATE OF SERVICE

      I hereby certify that on May 3, 2018, I served a copy of the foregoing **UNITED STATES' OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** upon each party listed below, through US Mail:

Dennis Dwight Anderson                    Stephen E. Berken
Anne-Marie Anderson                      1159 Delaware Street
406 6th Street, Apt. E                         Denver, CO 80204
Georgetown, CO 80444                     Counsel for Debtor(s)
Debtor(s)

Adam M Goodman
Chapter 13 Trustee
P.O. Box 1169                                      <u>*s/Megan Ingebrigtsen*</u>
Denver CO 80201                              U.S. Attorney's Office