IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DENNIS DWIGHT ANDERSON | CASE:  18-11998MER |
| ANNE-MARIE ANDERSON | |
| DEBTORS | |

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of the proposed chapter 13 Plan and states:

1. Debtors are self-employed and operate a business.  In response to the Trustee's request for documentation of their income, Debtors provided bank statements from four accounts. Debtors did not provide profit and loss statements, cash flow reports, accounting ledgers, or any other information to indicate how the bank statements relate to the filed Schedules I and J.  Schedule I indicates Debtor Dennis Anderson earns $3,845.00 per month from his self-employment and Debtor Anne-Marie Anderson earns $2,521.22 per month from her self-employment.  These figures do not appear to correlate to any of the bank statements provided.  A review of these bank statements provide indicates the following:
    a. Evergreen Bank, Account ending -9993: Bank statements for January through April, 2018, indicate total receipts of $31,210.00 and total debits of $27,505.95.  The account balance as of the date of filing the instant case was $2,203.30.
    b. 1st Bank, Account ending -3095: Bank statements for December 2017 and January 2018 indicate a transfer from 1st Bank, Account ending -4160 in December of 2017 in the amount of $34,238.16 and then a transfer back to that same account in the amount of $33,000.00.  A bank statement from the month of filing of the case was not provided.
    c. 1st Bank, Account ending -3109: Bank statements for December 2017 and January 2018 indicate a transfer from 1st Bank, Account ending -4160 in December of 2017 in the amount of $23,710.93.  The January, 2018 statement indicates that the balance of the account was $23,711.12.  A bank statement from the month of filing of the case was not provided.
    d. 1st Bank, Account ending -4160: Bank statements for September 2017, through March, 2018, indicate total receipts of $796,504.09 and total debits of $820,715.46.  The account balance as of the date of filing the instant case was $25,927.92.
        i. This account reflects transfers of $59,000.00 to Account ending -4152 for September 2017, through March, 2018.  No bank statements were provided for this account.  Debtors' filed Schedule A/B indicates this

                is one of Debtors' bank accounts. The Trustee requests bank statements and income/expense records for this account.

           ii. This account reflects ATM withdrawals and counter checks in the amount of $56,757.29 for September 2017, through March, 2018. The Trustee cannot determine if these transactions are income to the Debtors and requests additional information regarding same.

    e. Schedule A/B reflects a Wells Fargo business account. Documentation of this account was not provided. The Trustee requests bank statements and income/expense records for this account.

2. The Trustee requests proof of funds being escrowed to pay self-employment and property taxes in order to determine whether the Plan complies with 11 U.S.C. §§ 1325(a)(3), 1325(a)(6), and 1325(b)(1)(B). Schedule J does not reflect a monthly deduction for this purpose and the bank accounts do not appear to reflect funds are being set aside for this purpose. Trustee notes that Clear Creek County's claim lists that the property taxes are delinquent for the years 2009-2017 and Park County's claim shows delinquent property taxes for 2014-2017.

3. Trustee questions the need to retain both the office location property and the vacant land used mainly to accommodate the subcontractors doing the work generated by the Debtors. As the real property does not appear to be reasonable or necessary for reorganization, the Debtors' proposal to retain this property in light of a 3.4% distribution to their unsecured creditors through the Plan may indicate that the Plan is not be proposed in good faith. 11 U.S.C. § 1325(a)(3).

4. The Chapter 13 Plan does not provide for the correct Applicable Commitment Period in violation of 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4)(B). Debtors' Plan indicates in Section 4.1(A) that the plan duration s 60 months but then only proposes 56 payments in Section 4.1(B).

5. As unsecured creditors will receive less than in a Chapter 7 liquidation, the Plan does not conform to 11 U.S.C. § 1325(a)(4). The deduction on Line (B)(4) of Section 3.2 is overstated, as the Plan only proposes to pay $621.00 in priority claims.

6. The Trustee requests written confirmation from the secured creditor confirming the treatment set forth in Section 12(3) is acceptable treatment of its claim. 11 U.S.C. §§ 1325(a)(3), 1325(a)(6).

    WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

    June 25, 2018

                                        Respectfully submitted,

s/ Jennifer Cruseturner
Jennifer Cruseturner, #44452
Attorney for Adam M. Goodman
Standing Chapter 13 Trustee
P.O. Box 1169
Denver, CO  80201-1169
Phone (303) 830-1971
Fax (303) 830-1973
jcruseturner@ch13colorado.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Objection to Confirmation was placed in the U.S. Mail, postage prepaid or delivered electronically via ECF, on June 25, 2018 addressed as follows:

DENNIS DWIGHT ANDERSON and
ANNE-MARIE ANDERSON
406 6TH STREET, APT. E
GEORGETOWN, CO 80444

BERKEN CLOYES, PC
VIA CM/ECF

\s\_jkc
Chapter 13 Trustee Staff Member