| Fill in this information to identify your case | | | | | |
|---|---|---|---|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO | | | | | |
| Debtor 1: | DENNIS | DWIGHT | ANDERSON | Case #: | 18-11998 MER |
| | First Name | Middle Name | Last Name | | |
| Debtor 2: | ANNE-MARIE | | ANDERSON | Chapter: | 13 |
| | First Name | Middle Name | Last Name | | |

## Confirmation Status Report

### Part 1   Report

Debtors submit the following status report pursuant to L.B.R. 3015-1 and state as follows:

Debtors filed for Chapter 13 relief on March 6, 2018 and attended their 11 U.S.C. § 341(a) Meeting of Creditors on May 1, 2018.

### Part 2   Notice and Service Date

The last plan to be noticed and served was filed June 7, 2018 at docket no. 33.

List all prior plans and dates of filing:

| Plan | Date of filing | Docket No. |
|---|---|---|
| Chapter 13 Plan | March 29, 2018 | 15 |
| Amended Chapter 13 Plan | June 7, 2018 | 33 |

### Part 3   Objections

☐ No objections have been filed to the last plan.

☒ The following objections have been filed:

| Name of Objecting Party | Docket No. |
|---|---|
| Clear Creek County | 38 |
| Evergreen National Bank | 39 |
| Chapter 13 Trustee | 40 |

AND

☒ Debtors have complied with the "Meet & Confer" requirements of L.B.R. 3015-1.

### Part 4   Summary of Objections

| Objection—Clear Creek County | Debtor's response |
|---|---|
| That the plan provides for curing of her tax arrears as to property located 1501 CR 308, Dumont, CO. That the debtors owe $33,961.85 delinquent taxes. That the interest rate procuring said arrears should be 10 percent per annum (and the plan inaccurately pays 4%). Creditor relies on C.R.S. §§ 39 – 1– 105, 107. | While it is true the plan *says* 4%, the actual rate of interest being paid is indeed 10%. This typographical error will be corrected in an Amended Plan will be filed. |
| **Objection—Evergreen National Bank** | **Debtor's response** |
| Evergreen holds a note executed by executed by Debtors secured by a 3rd deed of trust lien against Debtors' property at 1501 County Road 308. Debtors' plan provides for no monthly payment for the 3rd mortgage. Although there were communications between counsel for ENB and Debtors and although ENB is willing to provide some accommodation as to payment, counsel for Evergreen National Bank did not agree, or have authority to agree, that "no monthly payments" on the third DOT would be required for the duration of Debtors' Chapter 13 Plan. | Debtor is appreciative of creditor's offer, if it is one, to hold payments in abeyance pending who knows what? Debtor has not received anything from creditor as to what, exactly, it wants or suggests? If its agreeable, and creditor types it up, counsel will present it to debtors. |
| **Objection—Chapter 13 Trustee** | **Debtor's response** |
| 1. Debtors are self-employed and operate a business. In response to the Trustee's request for documentation of their income, Debtors provided bank statements from four accounts. Debtors did not provide profit and loss statements, cash flow reports, accounting ledgers, or any other information to indicate how the bank statements relate to the filed Schedules I and J. Schedule I indicates Debtor Dennis Anderson earns $3,845.00 per month from his self-employment and Debtor Anne-Marie Anderson earns $2,521.22 per month from her self-employment. These figures do not appear to correlate to any of the bank statements provided. A review of these bank statements provide indicates the following:<br>a. Evergreen Bank, Account ending -9993: Bank statements for January through April 2018, indicate total receipts of $31,210.00 and total debts of $27,505.95. The account balance as of the date of filing the instant case was $2,203.30.<br>b. 1st Bank, Account ending -3095: Bank statements for December 2017 and January 2018 indicate a transfer from 1st Bank, Account ending -4160 in December of 2017 in the amount of $34,238.16 and then a transfer back to that same account in the amount of $33,000.00. A bank statement from the month of filing of the case was not provided.<br>c. 1st Bank, Account ending -3109: Bank statements for December 2017 and January 2018 indicate a transfer from 1st Bank, Account ending -4160 in December of 2017 in the amount of $23,710.93. The January 2018 statement indicates that the balance of the account was | Debtors represent they have previously provided to the trustee bank statements and business records requested at the 341 meeting of creditors. Either Trustee did not review those statements, or the email exchange was faulty. Regardless, Debtors will provide, with exacting detail, each bank statement requested, and this time, have them hand-delivered with a representative of the trustee's office acknowledging receipt of same. Documents will include all those previously requested, and those added to the most recent objection of June 25, 2018.<br>2. Debtors seek what instruction as to what assurances trustee requires as to taxes due and owing for 2018, as they did not owe taxes for 2017. Will a savings account balance suffice?<br>3. Debtors have previously communicated to trustee the need for both locations, during the 341 Meeting of creditors, as their office location and the vacant land (used for storage and the like), are necessary for Debtors' business efforts.<br>4. Debtors will provide for 60 months, if needed.<br>5. Debtors disagree with paragraph five of trustee's objection.<br>6. The issue in paragraph 6 of trustee's objection is addressed in that creditor's objection. |

$23,711.12. A bank statement from the month of filing of the case was not provided.

d. 1st Bank, Account ending -4160: Bank statements for September 2017, through March 2018, indicate total receipts of $796,504.09 and total debts of $820,715.46. The account balance as of the date of filing the instant case was $25,927.92.

i. This account reflects transfers of $59,000.00 to Account ending -4152 for September 2017, through March, 2018. No bank statements were provided for this account. Debtors' filed Schedule A/B indicates this is one of Debtors' bank accounts. The Trustee requests bank statements and income/expense records for this account.

ii. This account reflects ATM withdrawals and counter checks in the amount of $56,757.29 for September 2017, through March, 2018. The Trustee cannot determine if these transactions are income to the Debtors and requests additional information regarding same.

e. Schedule A/B reflects a Wells Fargo business account. Documentation of this account was not provided. The Trustee requests bank statements and income/expense records for this account.

2. The Trustee requests proof of funds being escrowed to pay self-employment and property taxes in order to determine whether the Plan complies with 11 U.S.C. §§ 1325(a)(3), 1325(a)(6), and 1325(b)(1)(B). Schedule J does not reflect a monthly deduction for this purpose and the bank accounts do not appear to reflect funds are being set aside for this purpose. Trustee notes that Clear Creek County's claim lists that the property taxes are delinquent for the years 2009-2017 and Park County's claim shows delinquent property taxes for 2014-2017.

3. Trustee questions the need to retain both the office location property and the vacant land used mainly to accommodate the subcontractors doing the work generated by the Debtors. As the real property does not appear to be reasonable or necessary for reorganization, the Debtors' proposal to retain this property in light of a 3.4% distribution to their unsecured creditors through the Plan may indicate that the Plan is not be proposed in good faith. 11 U.S.C. § 1325(a)(3).

4. The Chapter 13 Plan does not provide for the correct Applicable Commitment Period in violation of 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4)(B). Debtors' Plan indicates in Section 4.1(A) that the plan duration s 60 months but then only proposes 56 payments in Section 4.1(B).

5. As unsecured creditors will receive less than in a Chapter 7 liquidation, the Plan does not conform to 11 U.S.C. § 1325(a)(4). The deduction on Line (B)(4) of Section 3.2 is overstated, as the Plan only proposes to pay $621.00 in priority claims.

6. The Trustee requests written confirmation from the secured creditor confirming the treatment set forth in Section 12(3) is acceptable treatment of its claim. 11 U.S.C. §§1325(a)(3), 1325(a)(6).

## Part 5  Resolution of Objections by Amended Plan

**Use this section if the debtor intends to resolve the objection(s) by filing an amended plan.**

    a.  Filing of Amended Plan.

        ☐ The debtors already has filed an amended plan, dated _____.

        ☒ Debtors intend to file an amended plan on or before July 18, 2018.

    b.  Treatment of Objections by Amended Plan.

        ☐ The amended plan is intended to resolve all of the objections filed;
        ☒ The amended plan is intended to resolve only certain objections as described:

        All objections except the applicable interest rate for real property taxes and the trustee's fee.

        ☐ Notice to all creditors:  the debtor contends notice of the amended plan must be served on the chapter 13 trustee and all creditors and parties in interest.
        ☒ Request to limit notice:  Debtors request notice of the Amended Plan be limited for the following reasons:

        No expected adverse impact on Class four.  Notice to parties and affected creditors is requested.

        ☐ Request to waive notice:  the debtor requests notice of the amended plan be waived for the following reasons: _____.

    c.  Objection Time Period for Amended Plan:

        ☐ Objection deadline pursuant to Fed. R. Bankr. P. 2002(b):  the debtor contends notice of the amended plan should be for the full objection period set forth in Fed. R. Bankr. P. 2002(b).
        ☒ Request to shorten objection time period:  the debtor requests the objection period set forth in Fed. R. Bankr. P. 2002(b) be shortened to 21 days.
        _____.

## Part 6  Resolution of Objections by Judicial Determination

**Use this section if the debtor intends to resolve the objection(s) by judicial determination without an amended plan.**

    ☐ The debtor requests judicial determination of all outstanding objections;

    ☒ The debtor requests judicial determination of only certain objections raising the following outstanding issues:

        1.  Whether the two parcels of land are necessary for reorganization.  Any other issues raised by the trustee as to income.

    ☒ The hearing will require presentation of evidence.  The debtor anticipates the court time necessary to determine this contested matter will be 4 hours.  The debtor anticipates **2** witnesses will be called to testify.
    ☐ The hearing will require legal argument only.

| Part 7 | Other Information of Status of Case |
|---|---|

**n/a**

_____

| Part 8 | Signature of Debtor's Attorney or Debtor (if unrepresented) |
|---|---|

Dated: July 2, 2018

By: __/s/  Stephen E. Berken
Stephen Berken, Esq. - #14926
Berken Cloyes PC
1159 Delaware St
Denver, CO 80204
303.623.4357
stephenberkenlaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Confirmation Status Report was served by placing the same in the United States Mail, first class postage pre-paid, or via the court's electronic filing system/ecf, on July 2, 2018 to the following:

Dennis Dwight Anderson &
Anne-Marie Anderson
PO Box 141
Dumont, CO 80436

Kenneth J. Buechler
999 18th St.
Ste. 1230S
Denver, CO 80202

James L. Aab
5950 S. Willow Dr.
Ste. 304
Greenwood Village, CO 80111

Adam M. Goodman
Ch. 13 Trustee
PO Box 1169
Denver, CO 80201

J. Benedict Garcia
1801 California St.
Ste. 1600
Denver, CO 80202

Robert Loeffler
P.O. Box 2000
Geoergetown, CO 80444

US Trustee
Byron G. Rogers Fed. Bldg.
1961 Stout St.
Ste. 12-200
Denver, CO 80294

*/s/ Anthony Camera*