<div align="center">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

</div>

| | |
|---|---|
| IN RE:<br>**Dennis Dwight Anderson and**<br>**Anne-marie Anderson**<br><br>**Debtor(s)** | Case No. 18-11998-MER<br><br>Chapter 13<br><br>Judge Michael E. Romero |

### WESTLAKE FINANCIAL SERVICES'S NOTICE OF MOTION FOR RELIEF FROM STAY AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. § 362(D)

**OBJECTION DEADLINE: September 26, 2018**

YOU ARE HEREBY NOTIFIED that Westlake Financial Services("Movant") has filed a Motion for Relief from Stay, a copy of which is attached hereto.

**A hearing on the motion has been set for October 03, 2018, at 9:30 AM** at the U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, Courtroom (C), Fifth Floor, Denver, Colorado 80202. The hearing will be conducted in accordance with the provisions of L.B.R. 4001-1.

IF YOU DESIRE TO OPPOSE THIS MOTION, you must file with this court a WRITTEN OBJECTION to the motion on or before the objection deadline stated above and serve a copy upon movant's attorney, whose address is listed below. Your objection must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

If you file an objection, you are REQUIRED to comply with L.B.R. 4001-1 regarding hearing procedures, including (1) the timely submission and exchange of witness lists and exhibits and (2) attendance at the above-scheduled hearing in person or through counsel, if represented.

**IF YOU FAIL TO FILE AN OBJECTION,** the scheduled hearing will be **vacated**, and an order granting the relief requested may be granted without further notice to you.

Dated: September 04, 2018

Respectfully submitted:

Allen Legal Group P.C.

*/s/ Joshua M. DeVard*
**Joshua M. DeVard**
Texas State Bar No. 24101319
1212 Corporate Drive Ste 400
Irving, TEXAS 75038
Telephone: (214) 347-9006
Fax: (214) 602-5642
josh@bretallen.com

Attorney for Movant Westlake Financial Services

## Certificate of Conference

I hereby certify that, on August 16, 2018, at 03:32 PM, my office sent an email to counsel for the Debtors concerning this Motion and no response was received.

/s/ Joshua M. DeVard

## CERTIFICATE OF SERVICE

I hereby certify that on September 04, 2018, a true and correct copy of the Notice of Motion, Motion for Relief with attached exhibits and Proposed Order have been served via electronic means, if available, otherwise by the service indicated below, to:

*Debtors via US Mail:* Dennis Dwight Anderson And Anne-marie Anderson, Po Box 141, Dumont, CO 80436

*Counsel for Debtors via US Mail:* Stephen E Berken, 1159 Delaware St, Denver, CO 80204

*Chapter 13 Trustee via US Mail:* Adam M Goodman, P.O. Box 1169, Denver, CO 80201

*US Trustee via US Mail:* US Trustee, Byron G Rogers Federal Building,1961 Stout St Ste 12-200, Denver, CO 80294

/s/ Joshua M. DeVard
**Joshua M. DeVard**

<div style="text-align:center">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

</div>

| | | |
|---|---|---|
| IN RE:<br>**Dennis Dwight Anderson and**<br>**Anne-marie Anderson**<br><div style="text-align:right">Debtor(s)</div> | | Case No. 18-11998-MER<br><br>Chapter 13<br><br>A Contested Matter |
| **Westlake Financial Services**<br><div style="text-align:right">Movant</div> | | |
| **Dennis Dwight Anderson and**<br>**Anne-marie Anderson**<br><div style="text-align:right">Debtor(s)</div> | | Judge Michael E. Romero |
| **Adam M Goodman**      Chapter 13 Trustee<br><div style="text-align:right">Respondent(s)</div> | | |

**WESTLAKE FINANCIAL SERVICES'S MOTION FOR RELIEF FROM STAY AND OPPORTUNITY FOR A HEARING CONCERNING A 2002 FORD TRUCK F350 SUPER DUTY-V8 CREW CAB LARIAT 4WD PURSUANT TO § 362(D)**

Westlake Financial Services ("Movant") files this Motion for Relief from Stay against Dennis Dwight Anderson and Anne-marie Anderson ("Debtors"), in the above-captioned bankruptcy proceeding and pursuant to Rules 4001 and 9014 and Local Rule 4001-1, and hereby moves this Court to grant Westlake Financial Services relief from the automatic stay provisions of 11 U.S.C. § 362.

1. This United States Bankruptcy Court for the District of Colorado has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

2. On March 16, 2018, Debtors filed a voluntary bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

3. Movant holds a security interest in the vehicle of Debtors identified as a 2002 FORD TRUCK F350 Super Duty-V8 Crew Cab Lariat 4WD, VIN: 1FTSW31F02ED21036 (the "Collateral"). Copies of the Motor Vehicle Retail Installment Sales Contract and Evidence of Title are attached as Exhibits "A" and "B," respectively.

4. The estimated replacement value a retail merchant would charge for the Collateral is $13,925.00. A copy of the vehicle valuation is attached as Exhibit "C."

5. As of filing of the motion, Debtors owe a contract balance to Movant of $10,071.45.

<div style="text-align:center">1</div>

6. The monthly payments are $400.84, due on the 14th of each month.

7. Debtors are under direct payment defaults to Movant pursuant to the Retail Installment Sales Contract.

8. Debtors are in default in the post-petition amount of $1,603.36. The last date payment was made was on March 17, 2018. All payments due since that time remain unpaid. A copy of the payment history is attached as Exhibit "D."

9. On information and belief, Debtors may not have the Collateral insured with full coverage insurance listing Movant as loss payee. Movant demands proof of and maintenance of full coverage insurance of the Collateral showing Movant as a loss payee.

10. Cause to lift the stay exists because Movant's interest in the Collateral is not adequately protected pursuant to 11 U.S.C. § 362(d)(1). Movant has not been provided proof of insurance and the value of the Collateral continues to decline. Also, no adequate assurances have been given to Movant that Debtors will cure the arrearage.

11. Cause to lift the stay also exists under 11 U.S.C. § 362(d)(1) because Debtors have failed to make post-petition monthly payments to Movant and the Collateral continues to decline in value.

12. Continuation of the automatic stay pursuant to 11 U.S.C. § 362(a) will work real and irreparable harm to Movant and may deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§ 361, 362.

**WHEREFORE**, Movant asks the Court to enter an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 and waiving the 14-day stay of such order under Rule 4001(a)(3). If the Court fails to terminate the automatic stay, Movant asks the Court to enter an order adequately protecting Movant's interest in the Collateral. Movant also asks that any order granted under this motion shall remain in effect should this case be converted to another bankruptcy chapter.

Movant asks for such other and further relief to which it is justly entitled.

Respectfully submitted:

Allen Legal Group P.C.

*/s/ Joshua M. DeVard*
**Joshua M. DeVard**
Texas State Bar No. 24101319
1212 Corporate Drive Ste 400
Irving, TEXAS 75038
Telephone: (214) 347-9006
Fax: (214) 602-5642
josh@bretallen.com

Attorney for Movant Westlake Financial Services

CO-103-ARB 10/31/2010

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | | |
|---|---|---|---|---|
| Cool Rides of Colorado Springs Inc.<br>211 W Motor Way<br>Colorado Springs, CO 80905 | Dennis Anderson<br>1501 County Road 308<br>Dumont, CO 80436 | No.<br>Date | App# _____ - V# 1 | 12/15/2016 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 4200.00 |
|---|---|---|---|---|
| 19.69 % | $ 5996.05 | $ 13244.27 | $ 19240.32 | $ 23440.32 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| | $ | |
| 48 | $ 400.84 | Monthly, Beginning 01/14/17 |
| | $ | |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of $15.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2002 | Ford | F350 Super Duty | Pickup | 1FTSW31F02ED21036 | 163298 |

☐ New  ☒ Used  ☐ Demo      Other:

## Description of Trade-In

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: _____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 13244.27 plus finance charges accruing on the unpaid balance at the rate of 19.69 % per year from the date of this Contract until paid in full. Finance charges accrue on a 365 day basis. You

agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*:

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of $ N/A that will be: ☐ paid in cash. ☐ financed over the term of the Contract.
You agree that this fee will be refunded:
- To the extent that the total finance charge exceeds the amount permitted by law, if this Contract is prepaid.
- To the extent required by law if the Contract is refinanced or consolidated.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

Retail Installment Contract-CO Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFAZCO 10/31/2010
Page 1 of 6

Exhibit A

☒ **Apply Colorado UCCC.** Although the Colorado Uniform Consumer Credit Code (UCCC) may not otherwise apply, you and we agree to make this Contract subject to it, so that for purposes of the UCCC this is a consumer credit transaction, subject to the UCCC's terms, including permissible rates and charges.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. Cash Price of Vehicle, etc. (incl. sales tax of $ 643.07 ) | $ | 16633.07 |
| b. Trade-in allowance | $ | N/A |
| c. Less: Amount owing, paid to (includes k): _____ | $ | N/A |
| d. Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ | N/A |
| e. Cash payment | $ | 4200.00 |
| f. Manufacturer's rebate | $ | N/A |
| g. Deferred down payment | $ | N/A |
| h. Other down payment (describe) _____ | $ | N/A |
| i. **Down Payment** (d+e+f+g+h) | $ | 4200.00 |
| j. **Unpaid balance of Cash Price** (a-i) | $ | 12433.07 |
| k. Financed trade-in balance (see line d) | $ | N/A |
| l. Paid to public officials, including filing fees | $ | 17.20 |
| m. Insurance premiums paid to insurance company(ies) | $ | N/A |
| n. Service Contract, paid to: _____ | $ | N/A |
| o. Delivery and handling fee* | $ | 499.00 |
| p. Knight Management Insurance Ser | $ | 295.00 |
| q. _____ | $ | N/A |
| r. _____ | $ | N/A |
| s. _____ | $ | N/A |
| t. _____ | $ | N/A |
| u. _____ | $ | N/A |
| v. **Total Other Charges/Amts Paid** (k thru u) | $ | 811.20 |
| w. **Prepaid Finance Charge** | $ | N/A |
| x. **Amount Financed** (j+v-w) | $ | 13244.27 |

We may retain or receive a portion of any amounts paid to others.

* This charge represents costs and additional profit to the Seller/dealer for items such as inspecting, cleaning, and adjusting new and used vehicles.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☐ None
Premium $ N/A        Term N/A
Insured _____

**Credit Disability**
☐ Single  ☐ Joint  ☐ None
Premium $ N/A        Term N/A
Insured _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

---

By: _____ DOB _____

By: _____ DOB _____

By: _____ DOB _____

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed
$ N/A . If you get insurance from or through us you will pay
$ N/A for _____ of coverage.

This premium is calculated as follows:

☐  $ N/A   Deductible, Collision Cov. $ N/A
☐  $ N/A   Deductible, Comprehensive $ N/A
☐  Fire-Theft and Combined Additional Cov. $ N/A
☐  _____ $ N/A

THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE, AND SAID BUYER ALSO STATES THAT HE OR SHE HAS / DOES NOT HAVE (STRIKE WORDS NOT APPLICABLE) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2), COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for _____ of coverage.

## Rejection of Arbitration

Checking the following box will not affect the terms under which we will finance and sell the Property or any of the terms of this Contract, except that the arbitration provision will not be a part of this Contract:

☐ You reject the arbitration provision of this Contract.

*[This area intentionally left blank.]*

---

Retail Installment Contract-CO Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLSAZCO 10/31/2010
Page 2 of 6

Exhibit A

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _____
Price $ N/A
Coverage _____

☒ **Gap Waiver or Gap Coverage**
Term 48 months
Price $ 295.00
Coverage _____

☐ _____
Term _____
Price $ _____
Coverage _____

By: _[signature]_  Date: 12/15/2016

By: _____ Date _____

By: _____ Date _____

### Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-In-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full, or in part if the payment is not less than $5.00, at any time. See Minimum Finance Charge section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due at our prevailing rates if you meet our normal credit standards at that time. This right only applies in connection with consumer credit transactions and will not apply if we are not in the business of making such transactions. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Colorado and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default you agree to pay our reasonable costs for realizing on the collateral, and our reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours, or such other amount as may be approved by a court. (We cannot collect attorneys' fees for the preparation of a cure notice.)

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract after we have given you any notice and opportunity to cure the default that the law requires. Those remedies include:
- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. We are not required to make any such payments or repairs. You will repay us that amount when we tell you to do so. That amount will earn finance charges from the date we pay it at the rate described in the Payment section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not enter into a dwelling, use force or otherwise breach the peace.

Exhibit A

- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property, to the extent permitted by law. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this Contract are subject to all claims and defenses which the Buyer could assert against the Seller resulting from the Buyer's purchase of guaranteed automobile protection.

### Arbitration Provision

**Arbitration Provision. PLEASE READ CAREFULLY!** By agreeing to this arbitration provision you are giving up your right to go to court for claims and disputes arising from this Contract:
- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. "*Claim*" means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to:
1. the credit application;
2. the purchase of the Property;
3. the condition of the Property;
4. this Contract;
5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or
6. any related transaction, occurrence or relationship.

This includes any Claim based on common or constitutional law, contract, tort, statute, regulation, or other ground. To the extent allowed by law, the validity, scope, and interpretation of this arbitration provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Rather, the Claim will be arbitrated on an individual basis, and not on a class or representative basis.

The party electing arbitration may choose any of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org); JAMS, 1920 Main Street, Suite 300, Irvine CA 92614 (www.jamsadr.com); or National Arbitration and Mediation (NAM), 990 Stewart Ave., Garden City, NY 11530 (www.namadr.com). You may get a copy of the applicable rules of these organizations by contacting them or visiting their websites. If the chosen arbitration organization's rules conflict with this arbitration provision, then the terms of this arbitration provision will govern the Claim. If none of these arbitration organizations is willing or able to handle the arbitration, the arbitrator can be selected pursuant to 9 U.S.C. Sections 5 and 6.

The arbitration hearing will be carried out in the federal district where you reside, unless you and we otherwise agree. Or, if you and we consent, the arbitration hearing can be by telephone. In connection with any arbitration, if you so request, we shall advance your filing, administration, service or case management fee, and your arbitrator or hearing fee, up to a total of $2,500.00. Unless the arbitrator awards them to a party, each party is responsible for the fees of its attorneys, experts, witnesses, and any other fees or costs, including any amount we have advanced.

Retail Installment Contract-CO Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFAZCO 10/31/2010
DA   Page 4 of 6

Exhibit A

An arbitrator must be a lawyer with at least ten (10) years experience and familiar with consumer credit law or a retired state or federal court judge. Except as provided below, the arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Furthermore, Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1, et seq., except that (i) if a single arbitrator awards you less than $5,000 you shall be entitled, upon request made within 20 days after the entry of that award, to have the award set aside and the Claim rearbitrated by a panel of three arbitrators, and (ii) if the single arbitrator awards you more than $100,000 we shall be entitled, upon request made within 20 days after the entry of that award, to have the award set aside and the Claim rearbitrated by a panel of three arbitrators. The party requesting such rearbitration will be required to pay the filing, administration, service or case management fee and the arbitrators and hearing fee, subject to final determination by the arbitration panel. Any court having jurisdiction can enforce a final arbitration award.

You or we can do the following without giving up the right to require arbitration:
- Seek remedies in small claims court for Claims within the small claims court's jurisdiction, or
- Seek judicial provisional remedies.

If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This arbitration provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this arbitration provision is deemed or found to be unenforceable for any reason, the remainder of this arbitration provision will remain in full force and effect. The one exception is that, if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis then this arbitration provision will be unenforceable in its entirety.

You and we expressly agree that this arbitration provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

**By signing this Contract you are agreeing to the terms of this arbitration provision, unless you reject it as provided in the next paragraph.**

Caution: It is important that you read this arbitration provision thoroughly before you sign this Contract. By signing this Contract, you are acknowledging that you have read and understand this arbitration provision. If you do not understand something in this arbitration provision, do not sign this Contract; instead ask your lawyer. You can reject this arbitration provision by checking the box in the *Rejection of Arbitration* section of this Contract before you sign this Contract. If you do so, this arbitration provision will not be a part of this Contract, but all the rest of this Contract will continue to be binding and effective.

### Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A
_____

By:                                                               Date

[This area intentionally left blank.]

Retail Installment Contract-CO Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFAZCO 10/31/2010
Page 5 of 6

Exhibit A

### Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

**Arbitration.** This Contract contains an Arbitration Provision that **affects your rights**.

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: Dennis Anderson       12/15/2016
                          Date

By:                       Date

By:                       Date

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces (other than serial numbers or identifying marks unavailable at this time). (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

By: Dennis Anderson       12/15/2016
                          Date

By:                       Date

By:                       Date

Seller Cool Rides of Colorado Springs Inc.

By: [signature] Kurth Baxter   12/15/2016
                               Date

**Assignment.** This Contract and Security Agreement is assigned to Westlake Financial Services
4751 Wilshire Blvd. Suite 100 Los Angeles CA 90010, the Assignee, phone (800) 641-6700. This assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse.

Seller Cool Rides of Colorado Springs Inc.

By: [signature] Kurth Baxter   12/15/2016
                               Date

Retail Installment Contract-CO Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFAZCO 10/31/2010
Page 6 of 6

Exhibit A

**DO NOT ACCEPT WITHOUT VERIFYING EAGLE WATERMARK IN PAPER**

STATE OF COLORADO
CERTIFICATE OF TITLE
****MOTOR VEHICLE****

TITLE NUMBER: 51E180477
ODOMETER: 163289 A

| VIN | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|
| 1FTSW31F02ED21036 | 2002 | FORD | | PK |

ODOMETER LEGEND:
A - Actual Mileage
E - Exceeds mechanical limits
N - Not actual mileage: WARNING ODOMETER DISCREPANCY

MAIL TO
WESTLAKE FINANCIAL
PO BOX 997592
SACRAMENTO, CA 95899

CWT/CAP/SIZE: CWT 68
PREVIOUS TITLE: 12W714411
FUEL:

OWNER
ANDERSON DENNIS

DATE PURCHASED: 12/15/2016
DATE ACCEPTED: 02/10/2017
DATE ISSUED: 03/21/2017

FIRST LIENHOLDER
WESTLAKE FINANCIAL
PO BOX 997592
SACRAMENTO, CA 95899-7592

FILE NUMBER: 201700117
DATE FILED: 02/10/2017
MATURITY DATE: 02/10/2027

AMOUNT OF LIEN: 19240.32
LIEN EXTENDED TO COUNTY: CLEAR CREEK

Signature below certifies under penalty of perjury in the second degree the release of the first lienholder's interest in the vehicle.
Lienholder's Name:
Authorized Agent's Signature  Date

SECOND LIENHOLDER
FILE NUMBER:
DATE FILED:
AMOUNT OF LIEN:
LIEN EXTENDED TO COUNTY:
MATURITY DATE:

Signature below certifies under penalty of perjury in the second degree the release of the first lienholder's interest in the vehicle.
Lienholder's Name:
Authorized Agent's Signature  Date

THIRD LIENHOLDER
FILE NUMBER:
DATE FILED:
AMOUNT OF LIEN:
LIEN EXTENDED TO COUNTY:
MATURITY DATE:

Signature below certifies under penalty of perjury in the second degree the release of the first lienholder's interest in the vehicle.
Lienholder's Name:
Authorized Agent's Signature  Date

FOURTH LIENHOLDER
FILE NUMBER:
DATE FILED:
AMOUNT OF LIEN:
LIEN EXTENDED TO COUNTY:
MATURITY DATE:

Signature below certifies under penalty of perjury in the second degree the release of the first lienholder's interest in the vehicle.
Lienholder's Name:
Authorized Agent's Signature  Date

THE APPLICANT HAS BEEN DULY REGISTERED IN THIS OFFICE AS THE OWNER OF THE MOTOR VEHICLE DESCRIBED, SUBJECT TO LIENS AND ENCUMBRANCES IN THE ORDER SHOWN.

EXECUTIVE DIRECTOR, COLORADO DEPARTMENT OF REVENUE
BARBARA BROHL
DATE DUPLICATE ISSUED

KEEP IN SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE
DR-2001 (8-11)
VOID IF ALTERED

Exhibit B

# N.A.D.A. Official Used Car Guide
## Tuesday, July 31, 2018
## Vehicle Summary NADA Values

| | | | |
|---|---|---|---|
| **Region:** | Eastern - 05/01/2018 | **Reference #:** | ▮ |
| **Vehicle Description:** | 2002 FORD TRUCK<br>F350 Super Duty-V8 Crew Cab Lariat 4WD | **VIN:** | 1FTSW31F02ED21036 |
| **MSRP:** | $34,040 | **Weight:** | 0 |
| **Mileage:** | 182048 | | |

| | Clean Retail |
|---|---:|
| **Base Value** | $9,575 |
| **Optional Equipment** | |
| Power Seat | w/body |
| Aluminum/Alloy Wheels | w/body |
| Towing/Camper Pkg | $100 |
| Turbo Diesel Engine | $4,450 |
| **Option Total** | $4,550 |
| **Mileage Adjustment** | ($200) |
| **Total NADA Official Used Car Guide Value** | $13,925 |

### Demo - Thomas Mendoza
**PO BOX 4751, Richmond, VA 23220**
**(323) 900-3067**

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of
NADA Used Car Guide, NADASC.

Exhibit C



# Payment History

## CUSTOMER INFORMATION

| | | |
|---|---|---|
| **Account:** ███ CO,SI,STANDARD LOAN (NEW) | **Address1:** 1501 COUNTY RD 308 | **Home Phone:** 9999999999 |
| **Dealer:** ███ - COOL RIDES OF COLORADO SPRINGS | **Address2:** | |
| **Customer:** ANDERSON, DENNIS | **City State Zip:** LAWSON, CO 80436 | |

## ACCOUNT INFORMATION

| | | |
|---|---|---|
| **Contract Dt:** 12/15/16 | **Current Bal:** 9,681.32 | **Last Pmt Dt:** 3/17/18 |
| **Active Dt:** 12/19/16 | **Late Chg Bal:** 0.00 | **Next Due Dt:** 5/14/18 |
| **Term:** 48 | **NSF Bal:** 0.00 | **First Due Dt:** 1/14/17 |
| **Paid Term:** 16 | **Other Bal:** 0.00 | **Rate:** 19.69 |
| **Opening Bal:** 13,244.27 | **Total Bal:** 9,681.32 | **APR:** 19.69 |

## ACCOUNT DETAIL

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 12/19/16 | 12/15/16 | ACTIVE | 0.00 | | | | 0.00 |
| 12/19/16 | 12/15/16 | FND GAP WAIVER | 295.00 | | | | 0.00 |
| 12/19/16 | 12/15/16 | FND CASH SALES/ ADVANCE AMOUNT | 12,949.27 | | | | 0.00 |
| 12/19/16 | 12/15/16 | LOAN RECEIVABLES | 13,244.27 | | | | 13,244.27 |
| 12/19/16 | 12/15/16 | START PROMOTION | 0.00 | | | | 13,244.27 |
| 12/19/16 | 12/14/16 | INTEREST ACCRUAL | 0.00 | | | | 13,244.27 |
| 12/19/16 | 12/14/16 | END PROMOTION | 0.00 | | | | 13,244.27 |
| 12/25/16 | 12/25/16 | BILL/DUE DATE | 400.84 | | | | 13,244.27 |
| 1/13/17 | 1/13/17 | INTEREST ACCRUAL | 207.19 | | | | 13,244.27 |
| 1/13/17 | 1/13/17 | PAYMENT (Y) | 400.84 | ACI - AGENT - CC | CUSTOMER PAYMENT | ███ | 13,050.62 |
| | | - INTEREST BILLED | 207.19 | | | | |
| | | - ADV / PRIN BILLED | 193.65 | | | | |
| 1/25/17 | 1/25/17 | LATE CHARGE | 0.00 | | | | 13,050.62 |
| 1/25/17 | 1/25/17 | BILL/DUE DATE | 400.84 | | | | 13,050.62 |
| 2/14/17 | 2/14/17 | INTEREST ACCRUAL | 225.29 | | | | 13,050.62 |
| 2/14/17 | 2/14/17 | PAYMENT (Y) | 400.84 | ACI - IVR - CC | CUSTOMER PAYMENT | ███ | 12,875.07 |
| | | - ADV / PRIN BILLED | 175.55 | | | | |

Aug 9, 2018 8:42 AM

**Exhibit D**

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 2/14/17 | 2/14/17 | PAYMENT (Y) | 400.84 | ACI - IVR - CC | CUSTOMER PAYMENT | ▇▇▇▇ | 12,875.07 |
|  |  | - INTEREST BILLED | 225.29 |  |  |  |  |
| 2/22/17 | 2/22/17 | BILL/DUE DATE | 400.84 |  |  |  | 12,875.07 |
| 2/25/17 | 2/25/17 | LATE CHARGE | 0.00 |  |  |  | 12,875.07 |
| 3/15/17 | 3/14/17 | PHONE PAY FEE | 0.00 |  |  |  | 12,875.07 |
| 3/16/17 | 3/15/17 | INTEREST ACCRUAL | 208.36 |  |  |  | 12,875.07 |
| 3/16/17 | 3/15/17 | PAYMENT (Y) | 400.84 | ONETIMEACH | CUSTOMER PAYMENT | ▇▇▇▇ | 12,682.59 |
|  |  | - INTEREST BILLED | 208.36 |  |  |  |  |
|  |  | - ADV / PRIN BILLED | 192.48 |  |  |  |  |
| 3/18/17 | 3/17/17 | INTEREST ACCRUAL | 13.68 |  |  |  | 12,682.59 |
| 3/18/17 | 3/17/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▇▇▇▇ | 12,295.43 |
|  |  | - INTEREST ACCRUAL | 13.68 |  |  |  |  |
|  |  | - ADV / PRIN | 387.16 |  |  |  |  |
| 3/25/17 | 3/24/17 | LATE CHARGE | 0.00 |  |  |  | 12,295.43 |
| 3/25/17 | 3/24/17 | BILL/DUE DATE | 400.84 |  |  |  | 12,295.43 |
| 4/18/17 | 4/18/17 | INTEREST ACCRUAL | 205.62 |  |  |  | 12,295.43 |
| 4/18/17 | 4/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▇▇▇▇ | 12,100.21 |
|  |  | - INTEREST ACCRUAL | 205.62 |  |  |  |  |
|  |  | - ADV / PRIN | 195.22 |  |  |  |  |
| 4/24/17 | 4/24/17 | BILL/DUE DATE | 400.84 |  |  |  | 12,100.21 |
| 4/25/17 | 4/25/17 | LATE CHARGE | 0.00 |  |  |  | 12,100.21 |
| 5/18/17 | 5/18/17 | INTEREST ACCRUAL | 195.82 |  |  |  | 12,100.21 |
| 5/18/17 | 5/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▇▇▇▇ | 11,895.19 |
|  |  | - ADV / PRIN | 205.02 |  |  |  |  |
|  |  | - INTEREST ACCRUAL | 195.82 |  |  |  |  |
| 5/25/17 | 5/25/17 | LATE CHARGE | 0.00 |  |  |  | 11,895.19 |
| 5/25/17 | 5/25/17 | BILL/DUE DATE | 400.84 |  |  |  | 11,895.19 |
| 6/18/17 | 6/18/17 | INTEREST ACCRUAL | 198.92 |  |  |  | 11,895.19 |
| 6/18/17 | 6/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▇▇▇▇ | 11,693.27 |
|  |  | - INTEREST ACCRUAL | 198.92 |  |  |  |  |
|  |  | - ADV / PRIN | 201.92 |  |  |  |  |
| 6/24/17 | 6/24/17 | BILL/DUE DATE | 400.84 |  |  |  | 11,693.27 |

Aug 9, 2018 8:42 AM

Exhibit D

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 6/25/17 | 6/25/17 | LATE CHARGE | 0.00 | | | | 11,693.27 |
| 7/18/17 | 7/18/17 | INTEREST ACCRUAL | 189.24 | | | | 11,693.27 |
| 7/18/17 | 7/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▮▮▮▮ | 11,481.67 |
| | | - INTEREST ACCRUAL | 189.24 | | | | |
| | | - ADV / PRIN | 211.60 | | | | |
| 7/25/17 | 7/25/17 | LATE CHARGE | 0.00 | | | | 11,481.67 |
| 7/25/17 | 7/25/17 | BILL/DUE DATE | 400.84 | | | | 11,481.67 |
| 8/18/17 | 8/18/17 | INTEREST ACCRUAL | 192.01 | | | | 11,481.67 |
| 8/18/17 | 8/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▮▮▮▮ | 11,272.84 |
| | | - INTEREST ACCRUAL | 192.01 | | | | |
| | | - ADV / PRIN | 208.83 | | | | |
| 8/25/17 | 8/25/17 | LATE CHARGE | 0.00 | | | | 11,272.84 |
| 8/25/17 | 8/25/17 | BILL/DUE DATE | 400.84 | | | | 11,272.84 |
| 9/18/17 | 9/18/17 | INTEREST ACCRUAL | 188.52 | | | | 11,272.84 |
| 9/18/17 | 9/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▮▮▮▮ | 11,060.52 |
| | | - INTEREST ACCRUAL | 188.52 | | | | |
| | | - ADV / PRIN | 212.32 | | | | |
| 9/24/17 | 9/24/17 | BILL/DUE DATE | 400.84 | | | | 11,060.52 |
| 9/25/17 | 9/25/17 | LATE CHARGE | 0.00 | | | | 11,060.52 |
| 10/18/17 | 10/18/17 | INTEREST ACCRUAL | 179.00 | | | | 11,060.52 |
| 10/18/17 | 10/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▮▮▮▮ | 10,838.68 |
| | | - INTEREST ACCRUAL | 179.00 | | | | |
| | | - ADV / PRIN | 221.84 | | | | |
| 10/25/17 | 10/25/17 | LATE CHARGE | 0.00 | | | | 10,838.68 |
| 10/25/17 | 10/25/17 | BILL/DUE DATE | 400.84 | | | | 10,838.68 |
| 11/18/17 | 11/18/17 | INTEREST ACCRUAL | 181.26 | | | | 10,838.68 |
| 11/18/17 | 11/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▮▮▮▮ | 10,619.10 |
| | | - INTEREST ACCRUAL | 181.26 | | | | |
| | | - ADV / PRIN | 219.58 | | | | |
| 11/24/17 | 11/24/17 | BILL/DUE DATE | 400.84 | | | | 10,619.10 |
| 11/25/17 | 11/25/17 | LATE CHARGE | 0.00 | | | | 10,619.10 |

Aug 9, 2018 8:42 AM

Exhibit D

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 12/18/17 | 12/18/17 | INTEREST ACCRUAL | 171.85 | | | | 10,619.10 |
| 12/18/17 | 12/18/17 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▬▬▬ | 10,390.11 |
| | | *- INTEREST ACCRUAL* | *171.85* | | | | |
| | | *- ADV / PRIN* | *228.99* | | | | |
| 12/25/17 | 12/25/17 | LATE CHARGE | 0.00 | | | | 10,390.11 |
| 12/25/17 | 12/25/17 | BILL/DUE DATE | 400.84 | | | | 10,390.11 |
| 1/18/18 | 1/18/18 | INTEREST ACCRUAL | 173.75 | | | | 10,390.11 |
| 1/18/18 | 1/18/18 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▬▬▬ | 10,163.02 |
| | | *- INTEREST ACCRUAL* | *173.75* | | | | |
| | | *- ADV / PRIN* | *227.09* | | | | |
| 1/25/18 | 1/25/18 | LATE CHARGE | 0.00 | | | | 10,163.02 |
| 1/25/18 | 1/25/18 | BILL/DUE DATE | 400.84 | | | | 10,163.02 |
| 2/18/18 | 2/18/18 | INTEREST ACCRUAL | 169.96 | | | | 10,163.02 |
| 2/18/18 | 2/18/18 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▬▬▬ | 9,932.14 |
| | | *- INTEREST ACCRUAL* | *169.96* | | | | |
| | | *- ADV / PRIN* | *230.88* | | | | |
| 2/22/18 | 2/22/18 | BILL/DUE DATE | 400.84 | | | | 9,932.14 |
| 2/25/18 | 2/25/18 | LATE CHARGE | 0.00 | | | | 9,932.14 |
| 3/17/18 | 3/17/18 | INTEREST ACCRUAL | 150.02 | | | | 9,932.14 |
| 3/17/18 | 3/17/18 | PAYMENT (Y) | 400.84 | ACH | CUSTOMER PAYMENT | ▬▬▬ | 9,681.32 |
| | | *- INTEREST ACCRUAL* | *150.02* | | | | |
| | | *- ADV / PRIN* | *250.82* | | | | |
| 3/25/18 | 3/24/18 | LATE CHARGE | 0.00 | | | | 9,681.32 |
| 3/25/18 | 3/24/18 | BILL/DUE DATE | 400.84 | | | | 9,681.32 |
| 4/24/18 | 4/24/18 | BILL/DUE DATE | 400.84 | | | | 9,681.32 |
| 4/25/18 | 4/25/18 | LATE CHARGE | 0.00 | | | | 9,681.32 |
| 5/25/18 | 5/25/18 | LATE CHARGE | 0.00 | | | | 9,681.32 |
| 5/25/18 | 5/25/18 | BILL/DUE DATE | 400.84 | | | | 9,681.32 |
| 6/24/18 | 6/24/18 | BILL/DUE DATE | 400.84 | | | | 9,681.32 |
| 6/25/18 | 6/25/18 | LATE CHARGE | 0.00 | | | | 9,681.32 |

Aug 9, 2018 8:42 AM

Exhibit D

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 6/25/18 | 6/25/18 | LATE CHARGE | 0.00 | | | | 9,681.32 |
| 7/25/18 | 7/25/18 | LATE CHARGE | 0.00 | | | | 9,681.32 |
| 7/25/18 | 7/25/18 | BILL/DUE DATE | 400.84 | | | | 9,681.32 |

Aug 9, 2018 8:42 AM

Exhibit D