## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DENNIS DWIGHT ANDERSON, ) | Case No. 18-11998 MER |
| ANNE-MARIE ANDERSON, ) | Chapter 13 |
| Debtors. ) | |

## OBJECTION TO CONFIRMATION OF THE DEBTORS' CHAPTER 13 PLAN DATED AUGUST 6, 2018

PARK COUNTY, COLORADO ("County"), through its undersigned counsel, respectfully submits its Objection to Confirmation of the Debtors' Chapter 13 Plan dated August 6, 2018, and states as follows:

1. Dennis D. Anderson and Anne-Marie Anderson (collectively the "Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on or about March 16, 2018 ("Petition Date").

2. Adam Goodman is the standing Chapter 13 Trustee in the Debtors' case.

3. At the time the Debtors filed for relief, they were the owners of real property located in Park County, Colorado known by street and number as 176 Jackson Road, Alma, Colorado 80420 (the "Property"). *See* Docket No. 10, p. 3.

4. Prior to filing for relief, the Debtors failed to pay the annual real estate taxes on the Property. *See* C.R.S. § 39-5-101, *et seq.* As of the Petition Date, the Debtors owed $5,569.73 in delinquent and past due taxes. *Id.* Such amounts continue to accrue interest at the rate of 12% per annum. C.R.S. § 39-10-104.5. The taxes assessed are a lien upon the Property. C.R.S. § 39-5-101, *et seq.*

5. The County filed a secured proof of claim in this bankruptcy case. *See* Proof of Claim No. 3. Such Claim constitutes prima facie evidence of the debt to the County. Fed.R.Bankr.P. 3001(f).

6. The Debtors filed their Amended Chapter 13 Plan on August 6, 2018. *See* Docket No. 47.

7. In reviewing the Plan, the County cannot ascertain if its claim is being provided for in full. Section 6.3 of the Plan identifies the County's claim. It properly identifies the amount of the default to be cured, the accompanying interest rate as 12%, and the total amount to cure the arrearage as $6,659. The Debtors' Plan goes on to say,

however, that the Debtors will make regular monthly payments to the County of $86 per month, and that the default will be cured within 37 months. Using those numbers, the Debtors propose to pay the sum of $3,182.00 to the County, well short of the total amount allocated.

8. By contrast, the itemization of claims to be paid in Section 3.1 states that the sum of $46,110 will be paid to cure defaults under the Plan. That amount is equal to the "Total Amount to Cure Arrearage" of all defaults in Section 6.3 of the Plan, including that of the County.

9. While the Plan ostensibly funds the County's claim, the regular monthly payments proposed are insufficient to pay the County's claim in full.

10. Pursuant to 11 U.S.C. § 1325(b)(5)(B)(iii), where payments to secured creditors are in the form of periodic payments, the payments should be in equal monthly amounts.

11. The proper equal monthly payment to the County over 37 months is $180.00. Because the Plan proposes to pay less than half of that amount, the Plan violates 11 U.S.C. § 1325(b)(5)(B)(iii) and should be denied.

WHEREFORE, the County respectfully submits this Limited Objection to the Debtors' Chapter 13 Plan dated August 6, 2018, and for such other and further relief as this Court deems appropriate.

Dated: September 5, 2018.

Respectfully submitted,
BUECHLER & GARBER, LLC

*/s/ Kenneth J. Buechler*

_____
Kenneth J. Buechler, #30906
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
ken@BandGlawoffice.com

## CERTIFICATE OF SERVICE

      I certify that on September 5, 2018, I served a complete copy of **LIMITED OBJECTION TO CHAPTER 13 PLAN DATED AUGUST 6, 2018,** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

**Via U.S. Mail**:

Ann-Marie Anderson
Dennis Dwight Anderson
406 6th Street, Apt. E
Georgetown, CO 80444

**Via CM/ECF**:

| | |
|---|---|
| Stephen E. Berken | Adam M. Goodman |
| | Chapter 13 Trustee |
| US Trustee | |

                                                */s/ Sharon E. Fox*
                                                For Buechler & Garber, LLC