# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>DENNIS DWIGHT ANDERSON and<br>ANNEMARIE ANDERSON,<br><br>Debtors. | Chapter 13<br>Case No.: 18-11998 MER |

## RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

**COME NOW** Dennis and Annemarie Anderson ("Debtors"), through their undersigned counsel, and hereby respond to the Motion for Relief from Stay ("Motion") filed by Westlake Financial Servicing, Inc. ("Movant"), and as grounds therefore, state as follows:

1. Debtors admit the allegations contained in Paragraph 1 of the Motion.

2. Debtors admit the allegations contained in Paragraph 2.

3. Debtors admit the allegations contained in Paragraph 3.

4. Debtors are without knowledge as to Paragraph 4.

5. Debtors are without knowledge as to Paragraph 5 and request an accounting of the figures described therein.

6. Debtors admit the allegations contained in Paragraph 6.

7. Debtors admit there has been a post petition default as to payments, as described in paragraph 7. On information and belief, prior to filing for relief under Chapter 13, Debtors activated an automatic deduction/ach transfer from their bank account to service the subject loan. Their intention to continue to make payments was clearly set forth in every iteration of their chapter 13 plan. In spite of that language, Movant discontinued the automatic deductions, causing the loan to default. Debtors did not notice the default until the filing of the instant motion for relief from stay.

8. Debtors deny the allegations contained in Paragraph 8. On information and belief, the default has been cured. Undersigned counsel is awaiting confirmation of same from the Debtors. Further, Debtors attempted to contact Movant via telephone to confirm receipt of funds. Movant's agents declined to discuss the account with Debtors, apparently because of the chapter 13 filing.

9. Debtor denies paragraph nine. The vehicle is insured with *Geico*. Debtors have requested of their insurance agent a "declaration page" demonstrating that movant is the loss/payee.

10. Debtors deny paragraph 10.

11. Debtors deny paragraph 11, and further state that Movant has offered no evidence as to the declination of value.

12. Debtors deny paragraph 12.

13. Debtors further state that the relief requested in Movant's prayer, i.e., that the 14 day stay provided by Fed.R.Bankr.P. 4001(a)(a) be denied.

WHEREFORE, Debtors respectfully request:

1. That Movant's Motion for Relief from Stay be DENIED, and
2. For such other and further relief as is just and proper and that the Court may allow.

Respectfully submitted this 12th day of September, 2018.

By: */s/ Stephen E. Berken*
Stephen E. Berken #14926
Berken Cloyes PC
1159 Delaware Street
Denver, CO 80204
(303) 623-4357
stephenberkenlaw@gmail.com

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the **RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY** was placed in the United States Mail, first class postage pre-paid, or by electronic service via the Court's ECF/PACER filing system on September 12, 2018, addressed to the parties described below:

Dennis and Anne-Marie Anderson
PO Box 141
Dumont, CO 80436

Adam M. Goodman
PO Box 1169
Denver, Co 80201

US Trustee
Byron G. Rogers Fed. Bldg.
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Joshua M. Devard
1212 Corporate Drive
Suite 400
Irving, TX 75038

/s/ Stephen Berken